E-FILED
Tuesday, 06 June, 2017  04:59:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| LILLIE SMITH, INDEPENDENT ADMINISTRATOR    of the ESTATE of PAUL E. CLIFTON, DECEDENT | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 17 cv 2070 |
| CHAMPAIGN COUNTY SHERIFF DAN WALSH, IN HIS OFFICIAL CAPACITY; BRYCE GOOD; JUSTIN RZECHULA; COREY PANKOW; RYAN SHAW; TODD GILL; AMBER KOCHER; CHAMPAIGN COUNTY, ILLINOIS; JO BATES, LPN; ADEYEMI FATOKI, MD, MPH; CECILE KEMP, LPN; and CORRECT CARE SOLUTIONS, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) | District Judge Colin S. Bruce Magistrate Judge Eric I. Long |
| Defendants. | ) | |

**DEFENDANTS JO BATES, CECILE KEMP, ADEYEMI FATOKI, MD AND CORRECT CARE SOLUTIONS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Defendants JO BATES, CECILE KEMP, ADEYEMI FATOKI, MD, and CORRECT CARE SOLUTIONS, LLC ("CCS") (collectively the "Medical Defendants") through their attorneys, ROBERT P. VOGT, DAVID A. BRUEGGEN and WELDON-LINNE & VOGT, submit this Memorandum of Law in Support of their Motion to Dismiss.

**I.   THE PLAINTIFF'S ALLEGATIONS[1]**

The decedent was arrested and incarcerated at the Champaign County Correctional Center "CCCC" on March 26, 2016. Cmplt., ¶ 18, dkt. #1. The decedent suffered from COPD, asthma and high blood pressure and was placed on a watch and checked every 15 minutes by a correctional

---

[1] For the purposes of this motion, the plaintiff's well-pleaded allegations are accepted as true.

officer. Cmplt., ¶ 20 and 22. The decedent had an empty inhaler with him when he was incarcerated so he was treated for asthma/COPD flare ups with a nebulizer treatments. Cmplt., ¶ 23-25, and 28. The decedent was also provided medication for his hypertension. Cmplt., ¶ 26.

On the morning of March 27, 2016, correctional officers were giving the decedent a nebulizer when the decedent suffered a seizure and became rigid. Cmplt., ¶ 43. Paramedics were called and the decedent was transferred to the hospital where he was pronounced dead. Cmplt., ¶ 48-49. The plaintiff filed this verified complaint on March 27, 2017. Cmplt., pg. 36. The plaintiff did not open a probate action for Paul Clifton until April 4, 2017[2] more than one week after filing her complaint.

## II.   PLEADING REQUIREMENTS

The Defendants move to dismiss plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(6), which authorizes the dismissal of a complaint that does not state an actionable claim. *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). Illinois state Medical negligence law requires a plaintiff to comply with 735 ILCS 5/2-622 confirming that a medical professional has reviewed the case and believes a meritorious cause of action exists.

### III. THE PLAINTIFF'S VERIFIED COMPLAINT SHOULD BE DISMISSED BECAUSE WHEN IT WAS FILED, THERE WAS NO PROPER PLAINTIFF

This Court can dismiss a lawsuit that was filed without a valid plaintiff. *Higgins v. Roberson*, 2014 WL 4099405, *2 (C.D. IL 8/20/14 Judge Bruce). When this case was filed on March 27, 2017 there was no Estate of Paul Clifton so Lillie Smith could not have been the administrator of that estate. An action must be prosecuted in the name of the real party in interest. *Higgins v. Roberson*, 2014 WL 4099405, *1. In this case, the legal plaintiff and real party in interest did not

---

[2] The Medical Defendants request that the Court take judicial notice of the filing of the Probate case in Champaign County, case #17 P 092, see attached Champaign County Case Look Up, Exhibit A.

exist when the complaint was filed. The filing was rushed to ensure that the case was filed "before the date which could arguably be determined to be the expiration of the cause pursuant to the applicable statute of limitations." Cmplt, Ex. 2, ¶ 3, Dkt. 1-4. "Only the decedent's estate may bring a Section 1983 claim based on the wrongful death, and the estate representative must have standing under the state wrongful death statute to pursue a section 1983 claim." *Higgins v. Roberson*, 2014 WL 4099405, *1 (quoting *Thompson v. Dearborn Cty Com'r*, 2013 WL 121256, *4 (S.D. IN 1/8/13 Judge Barker)).

Illinois law is clear that only an administrator of an estate may commence an action on behalf of an estate:

> A wrongful death cause of action must be brought by, and in the name of, the representative or administrator of the decedent's estate, and "*it is this administrator who possesses the sole right of action or control over the suit.*" (Emphasis added.) *Will v. Northwestern University,* 378 Ill.App.3d 280, 289, 317 Ill.Dec. 313, 881 N.E.2d 481 (2007). The *Will* court further explained that estate beneficiaries of a wrongful death action are not "parties" of record in their individual capacities to the suit, have no right of action or control over the suit, and have no standing to appeal the suit. The administrator's right to control the wrongful death action has long been recognized. See, *e.g., Rodgers v. Consolidated R.R. Corp.,* 136 Ill.App.3d 191, 193, 90 Ill. Dec. 797, 482 N.E.2d 1080 (1985) ("In Illinois, wrongful death suits must be brought by and in the name of the personal representative of the deceased. The personal representative possesses the sole right of action or control over the litigation.")

*Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 92, 965 N.E.2d 1215, 1231–32. Illinois' Wrongful Death Act is similar to Indiana's in requiring that the case be brought by a representative of the estate. Accordingly, the reasoning of *Thompson* applies and the Court should dismiss this case because at the time of its filing, there was no administrator of the estate to be the plaintiff. *Thompson v. Dearborn Cty Com'r*, 2013 WL 121256, *3.

## IV. CORRECT CARE SOLUTIONS SHOULD BE DISMISSED FROM COUNT II BECAUSE *RESPONDEAT SUPERIOR* IS NOT A PROPER THEORY OF

## RECOVERY UNDER 42 U.S.C. § 1983

Count II of the plaintiff's amended complaint pleads a claim under the Civil Rights Act for deliberate indifference. However, the allegations appear to attempt to hold CCS liable for acts of its agents or employees.  *See* Cmplt. Count II, ¶¶ 63 and 70.  Sec. 1983 liability requires personal involvement.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  The defendants must act or fail to act with deliberate indifference or reckless disregard for the plaintiff's constitutional rights. *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994).  Because Sec. 1983 is based upon personal liability and predicated on fault, a defendant cannot be held liable unless the defendant caused or participated in the alleged constitutional deprivation.  *Wolf-Lillie v. Sonquist*, 699 F.2d 864 (7th Cir. 1983).  Accordingly, CCS should be dismissed from Count II because the plaintiff attempts to plead liability against CCS for the alleged acts of its agents and employees.

### V.  THIS COURT SHOULD DISMISS COUNTS VIII, IX, X, XI, and XII ALLEGING MEDICAL NEGLIGENCE BECAUSE THE PLAINTIFF'S 735 ILCS 5/2-622 REPORT IS INSUFFICIENT

The plaintiff's 2-622 report against Nurses Bates and Kemp is insufficient and the plaintiff failed to obtain a 2-622 report against Dr. Fatoki or CCS. As a result, the medical negligence claims in Counts VIII, IX, X, XI, and XII must be dismissed. A plaintiff must comply with 735 ILCS 5/2-622 to file a negligence claim against a medical professional. *Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014). 735 ILCS 5/2-622 states:

> That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case;

735 ILCS 5/2-622 (a)(1).

The Sec. 2-622 report that the plaintiff submitted against the nurses fails to meet the requirements of Sec. 2-622 because the author does not meet the requirements to opine about correctional nurses. The failure to satisfy the requirements of 735 ILCS 5/2-622 requires mandatory dismissal. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

A.  The Plaintiff has filed no 735 ILCS 5/2-622 Report regarding Dr. Fatoki or CCS

The plaintiff's Sec 2-622 report from Physician Assistant ("P.A.") Feather sets forth no opinions against CCS. Accordingly, the plaintiff has no Sec. 2-622 report or affidavit as required to plead a case against CCS based on its actions. Similarly, the plaintiff has failed to provide a Sec. 2-622 report or affidavit that sets forth that there is a meritorious claim against Dr. Fatoki. *See* Cmplt, Ex. 2, Dkt 1-4. Therefore, the medical negligence claims (Count X and XII) against Dr. Fatoki and CCS (not based on vicarious liability) should be dismissed and Dr. Fatoki should be dismissed from Count VIII because the plaintiff has no Sec. 2-622 report. *Sherrod*, 223 F.3d at 613.

B.  Lisa Feather is a Physician's Assistant and has no correctional nursing experience in the last 6 years.

735 ILCS 5/2-622 sets forth the requirements for a medical professional to opine about another medical professional. The medical professional must be "knowledgeable in the relevant issues involved in the particular action," or has practiced or taught within same area of health care or medicine that is at issue in the particular action within the past six years; and "is qualified by experience or demonstrated competence in the subject of the case."

P.A. Feather fails to meet these requirements. P.A. Feather has been a physician assistant since 1996. A physician assistant has a different license than a nurse. P.A Feather cannot opine to

the nursing standard of care. [3] The Sec. 2-622 report also does not indicate that P.A. Feather worked as a nurse within the "past six years." Her CV confirms that her "Employment Experience" has been working only as a physician assistant since 1995. P.A. Feather CV,, pg. 2-3, Dkt # 1-3. Her CV further confirms that she has not practiced nursing since 1995 by affirmatively setting forth that she has **12** years of experience as a registered nurse (12/1982-1/1995) and **four** years of experience as a Nursing Administrator (10/1990-1/1995). P.A. Feather CV, pg. 1 and 3.

P.A. Feather has also provided a self-serving affidavit to this Court in response to a similar argument about her nursing experience. *See Jones v. Walsh, et al.*, C.D.IL # 16 cv 2364, dkt # 26-3. The affidavit reveals that P.A. Feather let her nursing licensure go on inactive status from 1996 until 2013, and she was unable to legally work as a nurse during that period. Her nursing license was coincidentally reinstated the same year she started Feather and Associates, LLC a legal **nurse** consulting company. P.A. Feather may have had experience as a nurse, but not within the last six years. Accordingly, she fails to meet the requirements to opine as a nurse as her recent experience is as a Physician Assistant.

In addition, P.A. Feather does not suggest that she has experience in correctional medicine or asthma/COPD medicine as a basis to support her opinions regarding the treatment of respiratory distress in a correctional facility. P.A. Feather's lack of recent nursing experience coupled with her lack of correctional nursing experience make her rule 2-622 report unreliable. Accordingly, Counts VIII, IX, and XI should be dismissed because there is no reliable 2-622 report to support the allegations as required by 735 ILCS 5/2-622.

C.  CCS's Alleged Negligence is Wholly Vicarious of the Individual Medical Defendants

---

[3] Defendants should not be held to higher standards than their licensing. *See Dolan v. Galluzzo*, 77 Ill. 2d 279, 396 N.E.2d 13, 32 Ill. Dec. 900 (Ill. 1979) (orthopedic surgeon may perform the same procedures as a podiatrist, but has a higher standard of care than a podiatrist so cannot testify regarding standard of care for a podiatrist); *See also Lange v. Kaveney*, 2008 U.S. Dist. LEXIS 98118 (S.D. Ill. 12/4/18).

CCS is a medical company that employs medical professionals to provide medical care at correctional facilities. The plaintiff's negligence allegations against CCS in Count VIII and XII are wholly based on the alleged negligence of CCS employees or agents. Where an employer/principal is sued solely for the conduct of its employee/agent, the employer/principal cannot be held liable where its employee/agent is not liable. Kirk v. Michael Reese Hospital & Medical Center, 117 Ill. 2d 507 (Ill. 1987) (Holding where the agent is not guilty, it necessarily follows that the party for whom he acted, the master, cannot be guilty); Bausback v. K Mart Corp., 194 Ill. App. 3d 325, 335, 550 N.E.2d 1269 (1990). If the Sec. 2-622 report is insufficient as to Nurses Bates and Kemp, it is insufficient as to CCS and there is no Sec. 2-622 report for Dr. Fatoki or CCS.

Accordingly, the plaintiff's Sec. 2-622 report fails to support her Counts VIII, IX, X, XI, and XII which requires those counts be dismissed.

### VI. THIS COURT SHOULD STRIKE PARAGRAPH "f" OF THE PRAYER FOR RELIEF BECAUSE IT SEEKS RELIEF THAT IS NOT AVAILABLE UNDER SECTION 1983 CLAIMS

The law of Sec. 1983 claims is very clear - damages are allowed only to the party whose rights were allegedly violated. Mr. Clifton's heirs have no claims under Section 1983 and are not entitled to any damages. It is well settled law that § 1983 claims are personal to the injured party. *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011). Accordingly seeking damages on behalf of third party heirs is not proper. The Court should strike this improper request for relief under the Civil Rights Act.

### VII.     CONCLUSION

As set forth above, the plaintiff's complaint is insufficient in the law and should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).  The complaint should be dismissed because there was no plaintiff when the case was filed. CCS should be dismissed from Count II because there is

2:17-cv-02070-EIL  # 22   Page 8 of 11

no *respondeat* superior liability in Sec. 1983. Count VIII, IX, X, XI and XII all fail and require

dismissal because the plaintiff did not attach a Sec. 2-622 report for Dr. Fatoki and CCA and the

Sec. 2-622 report for the nurses is insufficient to support the claims.

WHEREFORE, the Medical Defendants respectfully request that this Court:

1. Dismiss the plaintiff's complaint because there was no plaintiff when the complaint was filed;

2. Dismiss CCS from Count II of the plaintiff's complaint for failure to state a claim upon which relief can be granted;

3. Dismiss Counts VIII, IX, X, XI, and XII of the plaintiff's complaint for failure to comply with 735 ILCS 5/2-622;

4. Strike paragraph "f" of the Prayer for Relief; and

5. Provide for such further relief as this Court deems equitable and just.

Respectfully Submitted,

**VOGT & O'KANE**

By:_ /s/ Robert P. Vogt__
        Robert P. Vogt

**VOGT & O'KANE**
Attorneys for Medical Defendants
20 South Clark Street, Suite 1050
Chicago, Illinois  60603
(312) 236-5151
pldgs/ Draft Memo of Law Re Motion to dismiss Complaint.rtf

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| LILLIE SMITH, INDEPENDENT ADMINISTRATOR of the ESTATE of PAUL E. CLIFTON, DECEDENT | ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | Civil Action No. 17 cv 2070 |
| CHAMPAIGN COUNTY SHERIFF DAN WALSH, IN HIS OFFICIAL CAPACITY; BRYCE GOOD; JUSTIN RZECHULA; COREY PANKOW; RYAN SHAW; TODD GILL; AMBER KOCHER; CHAMPAIGN COUNTY, ILLINOIS; JO BATES, LPN; ADEYEMI FATOKI, MD, MPH; CECILE KEMP, LPN; and CORRECT CARE SOLUTIONS, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) ) | District Judge Colin S. Bruce Magistrate Judge Eric I. Long |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, *Robert P. Vogt*, certify that on **June 6, 2017**, I electronically filed **The Medical Defendants' Memorandum of Law In Support of Their Motion to Dismiss the Plaintiff's Complaint,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- Brian Michael Smith      bsmith@heylroyster.com, urbecf@heylroyster.com
- Keith Eric Fruehling      kfruehling@heylroyster.com, urbecf@heylroyster.com
- Shayla L Maatuka      shayla@madelaw.net, stevie@madelwaw.net

Respectfully Submitted,

**VOGT & O'KANE**

By: /s/ Robert P. Vogt
      Robert P. Vogt

**VOGT & O'KANE**
Attorneys for Medical Defendants
20 South Clark Street, Suite 1050
Chicago, Illinois 60603
(312) 236-5151

9


# Katie M. Blakeman
## Champaign County Circuit Clerk


[Case LookUp] [Name List]                                                      [LOGOFF]

## PROBATE CASE LOOKUP FOR CASE #17P 000092

**Decedent**                                      **Executor/Administrator**

CLIFTON PAUL E
1208 ELIS DRIVE
URBANA IL 0

**Information:**

```
         File Date: 04/04/17
        Court Room:
   Next Appearance:

     Guardianship: N
     Date of Death: 03/27/16
   Will to Probate: Y
         Atty Name: DODD & MAATUKA, LLC
    Letters Issued:
       Closed Date: NOT AVAILABLE
```

## FEES & FINES INFORMATION                        as of 5-31-2017 10:00PM

| ORDERED | DESCRIPTION | PAID | BALANCE |
|---|---|---|---|
| 15.00 | AUTOMATION | 15.00 | .00 |
| 15.00 | DOCUMENT STORAGE | 15.00 | .00 |
| 150.00 | CIRCUIT CLERK FEE | 150.00 | .00 |
| 5.00 | COURT FINANCE FEE | 5.00 | .00 |
| 17.00 | LIBRARY FEE | 17.00 | .00 |
| 25.00 | COURT SECURITY | 25.00 | .00 |
| 100.00 | STATE GUARDIANSHIP A | 100.00 | .00 |
| 2.00 | ACCESS TO JUSTICE | 2.00 | .00 |
| 9.00 | E-BUSINESS FILING FE | 9.00 | .00 |

## RECEIPT HISTORY INFORMATION                     as of 5-31-2017 10:00PM

| RECEIPT # | DESCRIPTION | AMOUNT | DATE PAID |
|---|---|---|---|
| 122843849 | AUTOMATION | 15.00 | 04/04/17 |
| 122843849 | DOCUMENT STORAGE | 15.00 | 04/04/17 |
| 122843849 | CIRCUIT CLERK FEE | 150.00 | 04/04/17 |
| 122843849 | COURT FINANCE FEE | 5.00 | 04/04/17 |
| 122843849 | LIBRARY FEE | 17.00 | 04/04/17 |
| 122843849 | COURT SECURITY | 25.00 | 04/04/17 |
| 122843849 | STATE GUARDIANSHIP AND A | 100.00 | 04/04/17 |
| 122843849 | ACCESS TO JUSTICE | 2.00 | 04/04/17 |
| 122843849 | E-BUSINESS FILING FEE | 9.00 | 04/04/17 |

0  Estates of Decedents

## DOCKET INFORMATION                              as of 5-31-2017 10:00PM



04-04-17          Admin Estate Decedent

```
                    Petition for probate of will and for letters testamentary for
                    Independent Administration on file by Petitioner by Attorneys Dodd &
                    Maatuka.
                    Affidavit of Heirship on file by Petitioner.
                    Entry of Apperance and Waiver of Notice on Probate of Estate on file
                    By Petitioner.
                    Receipt of Notice to Heirs and Legatees of Rights in Independent
                    Administration on file by Petitioner.
                    Notice to Heirs and Legatees of Rights in Independent Administration
                    On file.
                    Created and properly labeled court case file.
    05-02-17        Entry of Appearance and Waiver of Notice on Probate of Estate on file
                    By Bobby Clifton
                    Receipt of Notice to Heirs and Legatees of Rights in Independent
                    Administration on file by Bobby Clifton
```

The PASS system is intended to be a summary of information for the public. It does not take the place of the legal information that is held in the actual Court file. The Clerk of the Circuit Court of Champaign County accepts no liability for discrepancies between these electronic versions and the official printed documents.

Case LookUp   Name List                                                                LOGOFF