E-FILED
Thursday, 01 February, 2018  05:00:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| LILLIE SMITH, INDEPENDENT ADMINISTRATOR of the ESTATE of PAUL E. CLIFTON, DECEDENT | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | No. 17-2070 |
| CHAMPAIGN COUNTY SHERIFF DAN WALSH, IN HIS OFFICIAL CAPACITY; BRYCE GOOD; JUSTIN RZECHULA; COREY PANKOW; RYAN SHAW; TODD GILL; AMBER KOCHER; CHAMPAIGN COUNTY, ILLINOIS; JO BATES, LPN; ADEYEMI FATOKI, MD, MPH; CECILE KEMP, LPN; and CORRECT CARE SOLUTIONS, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) | **Plaintiff Respectfully Demands Trial by Jury** |
| **Defendants.** | ) | |

## 1st AMENDED COMPLAINT

NOW COMES the Plaintiff, Lillie Smith, Independent Administrator of the Estate of Paul E. Clifton, Decedent, and brings this 1st Amended Complaint against the Defendants Champaign County Sheriff Dan Walsh, in his official capacity; Bryce Good; Justin Rzechula; Corey Pankow; Ryan Shaw; Todd Gill; Amber Kocher; Champaign County, Illinois; Jo Bates, LPN; Adeyemi Fatoki, MD, MPH; Cecile Kemp, LPN; and Correct Care Solutions, LLC; and in support of, states the following:

### JURISDICTION AND VENUE

1.      This is a civil action arising under the Fourteenth Amendment to the United States Constitution; The Civil Rights Act of 1964 – 42 U.S.C. §1983 and §1988; The Illinois

1

Constitution, Article I §2 and §12; and Illinois State Law- 740 ILCS §180/0.01 et seq.; 735 ILCS §5/2-1704; 740 ILCS §23/5; and 755 ILCS §5/27-6.

2.     The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, §1343(a)(3), and also supplemental jurisdiction of state claims pursuant to 28 U.S.C. §1367.

3.     This judicial district is the appropriate venue under 28 U.S.C. §1391(b) and (e)(1) because the events giving rise to the suit occurred in this judicial district.

## PARTIES

4.     Decedent Paul Clifton was at all times relevant a resident of the State of Illinois and the City of Urbana.

5.     Plaintiff Lillie Smith, Independent Administrator of the Estate of Paul E. Clifton, Decedent, brings this suit and was at all times relevant a resident of the State of Illinois and the City of Urbana.

6.     Defendant Dan Walsh was at all times relevant the Sheriff of Champaign County, Illinois, acting under color of state law and is sued in his official capacity.  He was at all times relevant an elected official in charge of the Downtown Adult Detention and the Satellite Adult Detention (hereinafter "Champaign County Jails"). The Champaign County Jails are a part of the Sheriff's department, which is a local unit of government formed to incarcerate violators of the law.

7.     Defendant Bryce Good, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail.  He is sued in his individual capacity, and at

all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

8.      Defendant Justin Rzechula, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail.  He is sued in his individual capacity, and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

9.      Defendant Corey Pankow, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail.  He is sued in his individual capacity, and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

10.      Defendant Ryan Shaw, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail.  He is sued in his individual capacity, and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

11.      Defendant Todd Gill, a Champaign County Jail correctional officer, was at all times relevant employed by Champaign County Jail.  He is sued in his individual capacity, and at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

12.      Defendant Sergeant Amber Kocher, a jail supervisor who was at all times relevant employed by Champaign County and responsible for employees of Champaign County Jail.  He

is sued in his individual capacity at all times relevant hereto he was acting under color of state law and within the course and scope of his employment.

13.     Defendant Champaign County, Illinois is the public entity responsible for Champaign County and both Champaign County Jails and is joined in this action pursuant to Carver v. Sheriff of LaSalle County 145 Ill.2d R.20. (7th Cir. 2003)

14.     Defendant Jo Bates, LPN was at all times relevant a licensed practical nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates and supervise the staff of nurses also employed by Correct Care Solutions contracted by Champaign County, acting under color of state law, and is sued in her individual capacity.

15.     Defendant Adeyemi Fatoki, MD, MPH, was at all times relevant a medical doctor licensed to practice in Illinois who is employed as the Regional Medical Director by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates and supervise the staff of nurses also employed by Correct Care Solutions contracted by Champaign County, acting under color of state law, and is sued in his individual capacity.

16.     Defendant Cecile Kemp, LPN was at all times relevant a licensed practical nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates, acting under color of state law, and is sued in her individual capacity.

17.     Defendant Correct Care Solutions, LLC, was at all times relevant a Limited Liability Company based out of Nashville, Tennessee, and authorized to do business in the State of Illinois, contracted by Champaign County.

4

## FACTS

18.     The Decedent, Paul E. Clifton was arrested by the Champaign Police Department on March 26, 2016 at 1:20 am.

19.     Upon arrival to the Champaign County Jail on March 26, 2016, Mr. Clifton notified the Correctional Officers of his medical issues and was put on the Medical Special Watch list.

20.     Mr. Clifton, at all times relevant suffered from chronic obstructive pulmonary disease, asthma, and high blood pressure.

21.     Mr. Clifton was a person with a disability as his chronic obstructive pulmonary disease and asthma substantially limited his ability to breathe.

22.     Mr. Clifton was initially placed in cell H-3, with a mandate that a correctional officer check in on him every 15 minutes.

23.     Mr. Clifton suffered from an asthma attack at approximately 3:00 am on March 26, 2016.  A correctional officer took Mr. Clifton out of his cell for a nebulizer treatment.

24.     Mr. Clifton suffered from a second asthma attack at approximately 6:00 am on March 26, 2016. A correctional officer took Mr. Clifton out of his cell for a second nebulizer treatment.

25.     At approximately 10:00 am on March 26, 2016, Defendant Jo Bates gave an intake interview to Mr. Clifton, wherein he notified Defendant Bates that he had chronic

obstructive pulmonary disease, asthma, and high blood pressure. Mr. Clifton notified Defendant Bates that he brought an inhaler with him, but did not have blood pressure medication.

26.     At approximately 2:00 pm on March 26, 2016, 4 hours after his initial intake interview with Defendant Bates, Defendant Bates placed a phone call to Defendant Fatoki to inquire about blood pressure medication for Mr. Clifton, which was prescribed and provided to Mr. Clifton.

27.     At no time was Defendant Fatoki present to give Mr. Clifton a physical examination. Defendant Fatoki relied only on the information given to him by Defendant Bates to prescribe medication to treat Mr. Clifton's serious medical needs.

28.     At approximately 3:30 pm on March 26, 2016, Defendant Amber Kocher noted that Mr. Clifton requested to use his inhaler. Defendant Kocher noticed that it was empty and no longer good for use, but with deliberate indifference still gave it to Mr. Clifton. Defendant Kocher advised Clifton that if he was going to continue to suffer from his chronic obstructive pulmonary disease and asthma, a nurse or doctor would have to authorize nebulizer treatments.

29.     At approximately 4:00 pm, Defendant Kocher noticed that Mr. Clifton was sweating profusely while a correctional officer administered a nebulizer treatment. Defendant Kocher called Defendant Bates to take Mr. Clifton's vitals, and noted that his blood pressure was extremely high. Defendant Bates chose then to take his vitals manually and Mr. Clifton's blood pressure appeared to be lower.

30.     Defendant Kocher asked to call an ambulance for Mr. Clifton. Defendant Bates responded by placing a telephone call to Defendant Fatoki first, who, without physically

6

examining Mr. Clifton at any point in time, with deliberate indifference, advised to give Mr. Clifton more blood pressure medication and not to "send him out."

31.     At 5:17 pm, Defendant Bates sent an email to the email groups entitled "Corrections Sergeants; Corrections" stating that Mr. Clifton had his inhaler in booking and that he can have nebulizer treatments as needed every 4 hours.

32.     At approximately 12:00 am on March 27, 2016, Defendant Good was conducting cell checks, during which Mr. Clifton stated that his chest hurt.

33.     Defendant Good, with deliberate indifference, advised Mr. Clifton to "hang on" while he completed cell checks and spoke with a sergeant regarding his nebulizer treatment, delaying his treatment by 30 minutes. The email which went out at 5:17 pm on March 26, 2016, advising that Mr. Clifton could have his nebulizer treatments made obsolete any need to ask a sergeant for approval prior to nebulizer administration.

34.     Defendant Good sought permission from a sergeant and then told Defendant Rzecuhla to administer to Mr. Clifton his nebulizer treatment in spite of the email which went out at 5:17pm on March 26, 2016, instructing correctional officers to simply provide Mr. Clifton with nebulizer treatment without clearance from a sergeant.

35.     Defendant Rzechula then delayed Mr. Clifton's treatment by another 20-30 minutes by checking his email for a notification that Mr. Clifton was allowed to receive nebulizer treatment, after Defendant Good received permission from a sergeant.

36.     Defendants Walsh and Champaign County failed to implement training procedures to ensure that inmates such as Mr. Clifton received medical attention as quickly as

possible, instead, with deliberate indifference, leaving unclear the procedures necessary to provide medical attention.

37.     At 1:21 am on March 27, 2016, Defendant Rzechula emailed the medical staff providing Mr. Clifton's vitals and stating that Mr. Clifton had a breathing treatment.

38.     At 9:00 am on March 27, 2016, Defendant Pankow was conducting cell checks when Mr. Clifton requested a nebulizer treatment. Defendant Pankow, instead of responding immediately, with deliberate indifference, he chose to finish his cell checks and then take Mr. Clifton to administer his nebulizer treatment.

39.     Defendant Pankow gave the bag containing the parts to the nebulizer to Mr. Clifton.

40.     Mr. Clifton advised Defendant Pankow that the nebulizer bag did not contain all of the necessary parts.

41.     Defendant Pankow then noticed Mr. Clifton put the medication into the machine backwards, at which point Defendant Pankow turned his back on Mr. Clifton, in order to dump the medication out in the sink and then Defendant Pankow put new medication into the mouthpiece.  While Defendant Shaw heard Mr. Clifton repetitively state "hurry up."

42.     Defendant Kocher walked into the booking area and noted Mr. Clifton holding the nebulizer to his face and was sweating profusely.

43.     Defendant Kocher retrieved a tissue or paper towel to wipe his sweat and asked Mr. Clifton if he would prefer a cold washcloth.  Mr. Clifton did not respond.

44.     Defendant Kocher then noticed that the nebulizer Mr. Clifton was holding was not all the way in his mouth. Defendant Kocher told Mr. Clifton the nebulizer needed to be all the way into his mouth to get the proper treatment.  Again Mr. Clifton did not respond.  It was at this time Defendant Kocher realized 'something else' was going on with Mr. Clifton.

45.     Defendant Shaw and Defendant Pankow helped Defendant Kocher lower Mr. Clifton to the floor as Mr. Clifton began to have a seizure.

46.     Defendant Kocher called for an ambulance and Defendant Pankow called for the nurse, Defendant Kemp.

47.     Mr. Clifton clearly needed medical attention while incarcerated and specifically needed a trained medical professional when receiving nebulizer treatments.

48.     During the morning of March 27, 2016, when Mr. Clifton requested a nebulizer treatment no medical staff was present to assist and provide the nebulizer treatment until Defendant Pankow called for the nurse.

49.     It is unclear when Defendant Kocher requested Mr. Clifton's vitals be taken, when they were actually taken or who took them based upon the numerous statements taken from the Defendant Kocher, Defendant Shaw and Defendant Pankow and the other employees of Champaign County Jail who were present at or near the time of these events.

50.     Defendant Kemp began providing direction when she arrived

51.     At some point in these series of events, the pulse oximeter indicated that Mr. Clifton did not have a pulse. Defendant Kemp then read Mr. Clifton's radial pulse.

9

52.     Defendant Gill went to assist with Mr. Clifton's medical emergency and saw that Mr. Clifton was covered in sweat, had urinated on himself, and that his eyes were rolled to the back of his head.

53.     Defendants Kocher, Shaw, Pankow, Gill, and Kemp were all actively working on Mr. Clifton using an AMBU bag which was failing to deliver air to Mr. Clifton's lungs. Mr. Clifton's tongue had swollen and closed his airway.

54.     Defendants Kocher, Shaw, Pankow, Gill, and Kemp all negligently and with deliberate indifference, failed to initiate CPR on Mr. Clifton, in accordance with their training for which Defendants Walsh, Champaign County, and Correct Care Solutions are responsible.

55.     EMS personnel arrived, and finding that Mr. Clifton had no pulse, immediately initiating CPR on Mr. Clifton. Their initial impression was that he was in respiratory arrest. EMT personnel ventilated Mr. Clifton, started an IV, and placed a monitor on him. The monitor showed a flat line, and Mr. Clifton was asystole.

56.     Mr. Clifton was transported to Carle Foundation Hospital, where he was pronounced dead on March 27, 2016, at 10:18 am.

## COUNT I: Constitutional Deprivation of Mr. Clifton's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendant Kocher

57.     The Plaintiff reincorporates and realleges paragraphs 1-56 as if fully incorporated herein.

58.     Defendant Kocher is the supervisory official responsible for development and implementation of policies and procedures for the identification and handling of inmates

suffering serious medical conditions, including chronic obstructive pulmonary disease and asthma.

59.     As the person acting under the color of custom, Defendant Kocher caused Mr. Clifton to be deprived of his constitutional right to life.

60.     Defendant Kocher is responsible for conduct of the employees of Champaign County Jails and the well-being of their inmates.

61.     Because Mr. Clifton had no control over his confinement, Defendant Kocher had an absolute duty to care for and ensure Mr. Clifton's well-being and safety.

62.     After being made aware of Mr. Clifton's medical condition and emergency medical needs, Defendant Kocher exercised deliberate indifference to Mr. Clifton's serious medical needs by failing to provide requested and necessary medical treatment and failing to respond to Mr. Clifton's recurring pleas for medical assistance.

63.     By failing to call 911 when Mr. Clifton complained of chest pain and shortness of breath on March 26, 2016, and by failing to initiate CPR, Defendant Kocher deprived Mr. Clifton of his constitutional rights.

64.     Defendant Walsh was aware of and put on notice of the recent deaths in Champaign County Jails, and through Defendant Walsh's failure to implement policies and procedures to avoid reasonably foreseeable deaths that were avoidable with a modicum of medical training and attention, therefore directly deprived Mr. Clifton of his constitutional right to life.

65.     The failure to act on and respond to Mr. Clifton's serious medical needs and medical emergency proximately caused, in whole or in part, his conscious pain and suffering and his death, depriving Mr. Clifton of his rights under the Fourteenth Amendment and in violation of 42 U.S.C. §1983.

## COUNT II: Constitutional Deprivation of Mr. Clifton's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendants Bates, Kemp, and Fatoki

66.     The Plaintiff reincorporates and realleges paragraphs 1-56 as if fully incorporated herein.

67.     As persons acting under the color of custom, Defendants Bates, Kemp, and Fatoki, caused Mr. Clifton to be deprived of his constitutional right to life.

68.     Defendant Fatoki is the supervisory officials responsible for development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including chronic obstructive pulmonary disease and asthma.

69.     Defendants Bates, Fatoki, and Kemp are responsible for their patients, who are inmates of Champaign County Jails.

70.     Because Mr. Clifton had no control over his confinement, Defendants Bates, Fatoki, and Kemp, contracted by Champaign County, had an absolute duty to care for and ensure Mr. Clifton's well-being.

71.     After being made aware of Mr. Clifton's medical condition and emergency medical needs, Defendant Bates exercised deliberate indifference to Mr. Clifton's serious

medical needs by failing to provide requested and necessary medical treatment on March 26, 2016, when Mr. Clifton complained of chest pain and shortness of breath, therefore causing Mr. Clifton to be deprived of his constitutional rights

72.     After being made aware of Mr. Clifton's medical condition and emergency medical needs, Defendant Fatoki exercised deliberate indifference to Mr. Clifton's serious medical needs by failing to physically examine Mr. Clifton, one of his patients, instead opting to prescribe medication over the phone, therefore causing Mr. Clifton to be deprived of his constitutional rights.

73.     After being made aware of Mr. Clifton's medical condition and emergency medical needs, Defendant Kemp exercised deliberate indifference to Mr. Clifton's serious medical needs by failing to provide requested and necessary medical treatment and failing to initiate CPR on Mr. Clifton when he did not have a pulse on March 27, 2016.

74.     As persons acting under the color of custom, Defendants Bates, Kemp, and Fatoki, caused Mr. Clifton to be deprived of his constitutional right to life.

75.     The failure to act on and respond to Mr. Clifton's serious medical needs and medical emergency proximately caused, in whole or in part, his conscious pain and suffering and his death, depriving Mr. Clifton of his rights under the Fourteenth Amendment and in violation of 42 U.S.C. §1983.

**COUNT III: Custom and Policy of Deliberate Indifference Pursuant to 42 U.S.C. §1983 vs. Defendants Fatoki and Correct Care Solutions, LLC**

76.     Plaintiff reincorporates and realleges paragraphs 1-56 as if fully incorporated herein.

13

77.     Defendants Fatoki and Correct Care Solutions, LLC are the supervisory officials responsible for the development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including chronic pulmonary obstructive disease and asthma.

78.     Defendants Fatoki and Correct Care Solutions, LLC, are persons with final policymaking abilities who established the customs of conduct at Champaign County Jails.

79.     Defendants Fatoki and Correct Care Solutions, LLC, were aware, because of the fourteen (14) deaths which have taken place in the Champaign County Jail since 2004, of the need for appropriate policies and procedures concerning the identification and handling of inmates suffering serious medical conditions, including chronic pulmonary obstructive disease and asthma.

80.     Defendants Fatoki and Correct Care Solutions, LLC, were aware of this widespread practice of depriving inmates with medical conditions, such as Mr. Clifton, of their constitutional rights that, although not authorized by written law or express municipal policy, is now so permanent or well settled as to constitute a custom or usage with force of the law.

81.     Despite knowledge of this need, Defendants Fatoki and Correct Care Solutions, LLC acted with deliberate indifference and failed to develop and implement adequate policies and procedures to ensure the safety and livelihood of the their patients, who are inmates housed in Champaign County Jail.

82.     It was reasonably foreseeable, that without such policies and procedures, inmates such as Mr. Clifton, suffering from serious medical conditions, would continue to suffer without medical treatment at the hands of Defendants Fatoki and Correct Care Solutions, LLC.

83.     Due to the failure of Defendants Fatoki and Correct Care Solutions, LLC to develop such policies and procedures as would train employees to treat medical conditions and emergencies appropriately, the employees at the jail failed or refused to provide Mr. Clifton with necessary medical care, thereby proximately causing in whole or in part his conscious pain and suffering and his death, depriving Mr. Clifton of his rights under the Fourteenth Amendment and in violation of 42 U.S.C. §1983.

## COUNT IV: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County

84.     The Plaintiff reincorporates and realleges paragraphs 1-56 as if fully incorporated herein.

85.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

86.      Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County failed to provide adequate medical care to Mr. Clifton about whose medical conditions they had preexisting knowledge.

87.     Defendants Walsh and Champaign County are responsible for developing, implementing, and training employees on policies and procedures which are adequate in preventing unnecessary inmate deaths.

15

88.     Defendants Good and Rzechula failed to provide adequate medical attention by failing to respond to Mr. Clifton's pleas for a nebulizer treatment in a timely manner in the early hours of March 27, 2016.

89.     Defendants Pankow, Shaw, Gill, and Kocher failed to respond to Mr. Clifton's medical emergency appropriately by failing to initiate CPR on Mr. Clifton once he became unresponsive.

90.     The combined failures of Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County resulted in Mr. Clifton's untimely and unnecessary death.

91.      On information and belief, at all relevant times, it was the duty and responsibility of the Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County to exercise reasonable care to provide for the medical needs of Mr. Clifton and all other inmates housed within Champaign County Jail.

92.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions and the breach of duty committed by Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County, Mr. Clifton suffered injuries that ultimately resulted in his untimely death.

93.     The family of Mr. Clifton has unexpectedly lost forever a loved one.  Mr. Clifton was a loving man who left behind his mother, fiancée, children, and brothers.

94.     Mr. Clifton's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with his passing.

95.     As a direct and proximate result the breach of duty committed by Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County, Mr. Clifton's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their son, fiancé, father, and brother.

96.     Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County owed a duty to provide professional and responsible health services to Mr. Clifton. Notwithstanding this duty, after being made aware that Mr. Clifton required emergency medical care, Defendants Walsh, Good, Rzechula, Pankow, Shaw, Gill, Kocher, and Champaign County, acting in accordance with their policies and procedures, willfully, wantonly, or negligently refused to take action to provide Mr. Clifton with medical care, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

## COUNT V: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC

97.     The Plaintiff reincorporates and realleges paragraphs 1-56 as if fully incorporated herein.

98.     The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

99.     Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC failed to provide adequate medical care to Mr. Clifton about whose medical conditions they had preexisting knowledge.

100.    Defendants Fatoki and Correct Care Solutions, LLC, are responsible for developing, implementing, and training employees on policies and procedures which are adequate in preventing unnecessary inmate deaths.

17

101.    Defendant Bates failed to provide adequate medical attention to Mr. Clifton when he complained of chest pain and shortness of breath on March 26, 2016.

102.    Defendant Fatoki failed to provide adequate medical attention to Mr. Clifton when he failed to physically examine Mr. Clifton, instead opting to prescribe medications, sight unseen, over the phone.  Defendant Fatoki also directed that Mr. Clifton "not be sent out" despite Mr. Clifton's emergent need for medical care.

103.    Defendant Kemp failed to respond to Mr. Clifton's medical emergency appropriately by failing to initiate CPR on Mr. Clifton once he became unresponsive and had no pulse.

104.    The combined failures of Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC resulted in Mr. Clifton's untimely and unnecessary death.

105.     On information and belief, at all relevant times, it was the duty and responsibility of the Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC to exercise reasonable care to provide for the medical needs of Mr. Clifton and all other inmates housed within Champaign County Jail.

106.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions and the breach of duty committed by Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC, Mr. Clifton suffered injuries that ultimately resulted in his untimely death.

107.    The family of Mr. Clifton has unexpectedly lost forever a loved one.  Mr. Clifton was a loving man who left behind his mother, fiancée, children, and brothers.

108.     Mr. Clifton's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with his passing.

109.     As a direct and proximate result the breach of duty committed by Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC, Mr. Clifton's survivors suffered pecuniary loss and have been deprived of society, companionship, love, and affection of their son, fiancé, father, and brother.

110.     Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC owed a duty to provide professional and responsible health services to Mr. Clifton. Notwithstanding this duty, after being made aware that Mr. Clifton required emergency medical care, Defendants Bates, Fatoki, Kemp, and Correct Care Solutions, LLC, acting in accordance with their policies and procedures, willfully, wantonly, or negligently refused to take action to provide Mr. Clifton with medical care, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

## COUNT VI: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Bates

111.     The Plaintiff reincorporates and realleges paragraphs 1-56 and 97-110 as if fully incorporated herein.

112.     On or about March 26, 2016, Defendant Bates was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

113.     On or about March 26, 2016, Defendant Bates held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

19

114. On or about March 26, 2016, Defendant Bates was an employee or agent of Correct Care Solutions, LLC.

115. On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

116. On or about March 26, 2016, Defendant Bates had medical privileges in Champaign County.

117. On or about March 26, 2016, Defendant Bates negligently failed to completely assess the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

118. On or about March 26, 2016, Defendant Bates negligently failed to provide medical services or interventions to the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

119. On or about March 26, 2016, Defendant Bates provided the decedent, Paul Clifton, with medication commonly prescribed to treat high blood pressure, but not chronic pulmonary obstructive disease or asthma.

120. On or about March 26, 2016, Defendant Bates failed to refer the decedent Paul Clifton to the Emergency Department with chest pain and shortness of breath, which could have prevented his untimely death.

121. On or about March 26, 2016 Defendant Bates owed a duty of care to the decedent, Paul Clifton to perform her duties within an acceptable standard of medical care within the medical community.

20

122.     Defendant Bates breached this standard of care in the manner described above, causing Mr. Clifton physical, mental and emotional pain, and ultimately, death.

123.     As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Bates, the decedent Paul Clifton suffered from his shortness of breath into the night.

124.     By means of the negligence of the Defendant Bates and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Paul Clifton suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered death and other damages.

125.     All of the injuries and damages sustained by the decedent, Paul Clifton were the direct and proximate result of the negligent acts of the Defendant Bates without any act or omission on the part of the decedent.

126.     Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report from a Health Care Professional and the Health Care Professional's curriculum vitae.

## COUNT VII: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Fatoki

127.     The Plaintiff reincorporates and realleges paragraphs 1-56 and 97-110 as if fully incorporated herein.

128.     On or about March 26, 2016, Defendant Fatoki was a medical doctor licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

21

129.     On or about March 26, 2016, Defendant Fatoki held himself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

130.     On or about March 26, 2016, Defendant Fatoki was an employee or agent of Correct Care Solutions, LLC.

131.     On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

132.     On or about March 26, 2016, Defendant Fatoki had medical privileges in Champaign County.

133.     On or about March 26, 2016, Defendant Fatoki negligently failed to completely assess the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

134.     On or about March 26, 2016, Defendant Fatoki negligently failed to provide sufficient medical services or interventions to the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

135.     On or about March 26, 2016, Defendant Fatoki did not physically examine Mr. Clifton.

136.     On or about March 26, 2016, Defendant Fatoki prescribed the decedent, Paul Clifton, with medication commonly prescribed to treat high blood pressure, but not chronic pulmonary obstructive disease or asthma.

137.     On or about March 26, 2016, Defendant Fatoki prescribed Mr. Clifton medication for high blood pressure but failed to assess Mr. Clifton's complete medical needs by prescribing

said medication via phone call.  Defendant Fatoki also directed that Mr. Clifton not be "sent out" without physically examining Mr. Clifton.

138.    Defendant Fatoki owed a duty of care to the decedent, Paul Clifton to perform his duties within an acceptable standard of medical care within the medical community.

139.    Defendant Fatoki breached this standard of care in the manner described above, causing Mr. Clifton physical, mental and emotional pain, and ultimately, death.

140.    As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Fatoki, the decedent Paul Clifton suffered from his shortness of breath into the night.

141.    By means of the negligence of the Defendant Fatoki and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Paul Clifton suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered death and other damages.

142.    All of the injuries and damages sustained by the decedent, Paul Clifton were the direct and proximate result of the negligent acts of the Defendant Fatoki without any act or omission on the part of the decedent.

143.    Attached hereto as Exhibit 2 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report from a Health Care Professional and the Health Care Professional's curriculum vitae

## COUNT VIII: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Kemp

144.    The Plaintiff reincorporates and realleges paragraphs 1-56 and 97-110 as if fully incorporated herein.

145.    On or about March 27, 2016, Defendant Kemp was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

146.    On or about March 27, 2016, Defendant Kemp held herself out as being duly competent and qualified to render medical care, attention, and treatment to the general public.

147.    On or about March 27, 2016, Defendant Kemp was an employee or agent of Correct Care Solutions, LLC.

148.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

149.    On or about March 27, 2016, Defendant Kemp had medical privileges in Champaign County.

150.    On or about March 27, 2016, Defendant Kemp negligently failed to completely assess the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

151.    On or about March 27, 2016, Defendant Kemp negligently failed to provide medical services or interventions to the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

152.    On or about March 27, 2016, Defendant Kemp failed to properly assess Mr. Clifton's carotid pulse and initiate CPR upon finding that he was unresponsive.

153.    On or about March 27, 2016, Defendant Kemp failed to properly treat Mr. Clifton's seizure by using an AMBU bag improperly and failing to clear Mr. Clifton's airway in order to use proper medical equipment.

154.    On or about March 27, 2016 Defendant Kemp owed a duty of care to the decedent, Paul Clifton to perform her duties within an acceptable standard of medical care within the medical community.

155.    Defendant Kemp breached this standard of care in the manner described above, causing Mr. Clifton physical, mental and emotional pain, and ultimately, death.

156.    As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Kemp, the decedent Paul Clifton suffered from his shortness or breath into the night.

157.    By means of the negligence of the Defendant Kemp and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Paul Clifton suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered death and other damages.

158.    All of the injuries and damages sustained by the decedent, Paul Clifton were the direct and proximate result of the negligent acts of the Defendant Kemp without any act or omission on the part of the decedent.

159.    Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report from a Health Care Professional and the Health Care Professional's curriculum vitae.

25

## COUNT IX: Medical Malpractice Pursuant to 735 ILCS §5/2-1704
## vs. Defendant Correct Care Solutions, LLC

160.    Plaintiff reincorporates and realleges paragraphs 1-56 and 97-110 as if fully incorporated herein.

161.    On or about March 26, 2016, and March 27, 2016, Defendants Bates, Fatoki, and Kemp had privileges at the Champaign County Jail.

162.    On or about March 26, 2016, and March 27, 2016, Defendant Correct Care Solutions, LLC employed Defendants Bates, Fatoki, and Kemp and held them out as being duly competent and qualified to render medical care, attention and treatment to the inmates at the Champaign County Jail.

163.    On or about March 26, 2016, and March 27, 2016, Defendants Bates, Fatoki, and Kemp were acting as agents/employees of Defendant Correct Care Solutions, LLC and providing medical services to the decedent, Paul Clifton within the scope of that agency/employment.

164.    On or about March 26, 2016, and March 27, 2016, Defendants Bates, Fatoki, and Kemp were medical professionals licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

165.    On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

166.    On or about March 26, 2016, and March 27, 2016, Defendants Bates, Fatoki, and Kemp, acting as agents of Defendant Correct Care Solutions, LLC negligently failed to completely assess the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

167.     On or about March 26, 2016, and March 27, 2016, Defendants Bates, Fatoki, and Kemp, acting as agents of Defendant Correct Care Solutions, LLC negligently failed to provide medical services or interventions to the decedent Paul Clifton who was incarcerated in Urbana, Champaign County, Illinois.

168.     On or about March 26, 2016, Defendants Bates and Fatoki, acting as agents of Defendant Correct Care Solutions, LLC negligently failed to properly assess the decedent Paul Clifton.

169.     On or about March 26, 2016, Defendants Bates and Fatoki, acting as agents of Defendant Correct Care Solutions, LLC provided the decedent, Paul Clifton, with medication commonly prescribed to treat high blood pressure.

170.     On or about March 26, 2016, Defendants Bates and Fatoki, acting as agents of Defendant Correct Care Solutions, LLC, failed to provide Mr. Clifton with adequate medical attention as required by his chronic obstructive pulmonary disease.

171.     On or about March 26, 2016, Defendants Bates and Fatoki, acting as agents of Defendant Correct Care Solutions, LLC failed to refer the decedent Paul Clifton to the Emergency Department with chest pain and shortness of breath, which could have prevented his untimely death.

172.     On or about March 27, 2016, Defendant Kemp, acting as an agent of Defendant Correct Care Solutions, LLC, failed to properly assess Mr. Clifton's carotid pulse and initiate CPR upon finding that he was unresponsive.

27

173.     On or about March 27, 2016, Defendant Kemp, acting as an agent of Defendant Correct Care Solutions, LLC, failed to properly treat Mr. Clifton's seizure by using an AMBU bag improperly and failing to clear Mr. Clifton's airway in order to use proper medical equipment

174.     On or about March 26, 2016, and March 27, 2016, Defendant Correct Care Solutions, LLC owed a duty of care to the decedent, Paul Clifton to provide directly and through its agents Defendants Bates, Fatoki, and Kemp, an acceptable standard of medical care within the medical community and Defendant Correct Care Solutions, LLC breached this standard of care through the actions of its agents, Defendants Bates, Fatoki, and Kemp and by failing to properly supervise its agents.

175.     Defendant  Correct Care Solutions, LLC breached this standard of care in the manners described above, causing the decedent, Paul Clifton physical, mental and emotional pain, and ultimately, death.

176.     By means of the negligence of the Defendant Correct Care Solutions, LLC and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent, Paul Clifton suffered conscious pain and suffering, incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered other damages and death.

177.     All of the injuries and damages sustained by the decedent, Paul Clifton, were the direct and proximate result of the negligent acts of the Defendant Correct Care Solutions, LLC without any act or omission on the part of the decedent.

178.    Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel along with the report from a Health Care Professional and the Health Care Professional's curriculum vitae.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment on as follows:

On all Counts:

a.   Compensatory general and special damages in accordance with proof; and

b.   Costs of suit necessarily incurred herein; and

c.   Such further relief as the Court deems just or proper; and

On Count I, Count II, and Count III:

d.   Reasonable Attorney's fees and expenses of litigation; and

e.   Punitive damages against defendants (except the immune entity defendants) in an amount sufficient to punish those defendants and to deter further misconduct; and

f.   Compensatory damages related to the heirs of Paul Clifton and their loss of society and companionship, loss of financial support; and

On Count IV, Count V, Count VI, Count VII, Count VIII, and Count IX:

g.   Statutory damages as allowed.

LILLIE    SMITH,    INDEPENDENT ADMINISTRATOR of the ESTATE of PAUL E. CLIFTON, Decedent


By:    s/Shayla Maatuka_____

Shayla Maatuka of Dodd & Maatuka

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date:  2/1/2018                          By:      s/Shayla Maatuka

Shayla Maatuka of Dodd & Maatuka

**RULE 222 AFFIDAVIT**

NOW COMES your Affiant, SHAYLA MAATUKA of DODD & MAATUKA, first being duly sworn on oath and states that the total damages sought in the above-referenced matter exceed $50,000.00.

Date:  2/1/2018                          By:      s/Shayla Maatuka

Shayla Maatuka of Dodd & Maatuka

SUBSCRIBED and SWORN to before me

this 1st day of February, 2018.

OFFICIAL SEAL
Stacy McCulley
Notary Public - State of Illinois
My Commission Expires 6/21/2020

s/Stacy McCulley              .

Notary Public

Shayla Maatuka
ARDC 6283428
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL 61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net

## **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that the undersigned believes the same to be true.

s/Lillie Smith_____

Lillie         Smith,         INDEPENDENT ADMINISTRATOR of the ESTATE of PAUL E. CLIFTON, Decedent

Shayla Maatuka of
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL 61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net